Herman Leroy **JOHNSON**

v.

**BENJAMIN MOORE & COMPANY** et al.

Civ. A. No. 15694.

United States District Court,
W. D. Louisiana,
Alexandria Division.

June 20, 1975.

F. Jean Pharis, Pharis & Pharis, Alexandria, La., for plaintiff Leroy Johnson.

John F. Simon, Gold, Hall, Hammill & Little, Alexandria, La., for Benjamin Moore & Co.

Lawrence L. Jones, Asst. U. S. Atty., Shreveport, La., for United States.

Grove Stafford, Jr., Stafford, Pitts & Stafford, Alexandria, La., for intervenors Reliance Ins. Co.

NAUMAN S. SCOTT, District Judge.

This diversity suit seeks damages for personal injuries. Plaintiff was working, finishing floors in new construction at England Air Force Base, Louisiana when fumes from the floor finishing product he was using ignited, causing burns on plaintiff's body. Various other defendants have been dismissed by summary judgments, leaving as the only remaining defendant Benjamin Moore & Company, Inc., manufacturers of the product "Benwood". That defendant has now filed a motion for summary judgment.

The allegations of negligence on the part of Benjamin Moore & Company, Inc. amount to alleged failure to print adequate warnings on the labels of its product "Benwood". The motion for summary judgment is based on an asserted principle of Louisiana law that a manufacturer has no duty to warn of a danger of which the other party has knowledge.

In Singleton v. Olin Mathieson Chemical Corporation, 131 So.2d 329 (La.App. 3rd Cir. 1961) a buyer of shotgun shells brought an action against the manufacturer for injuries sustained when the barrel of his gun ruptured. The Court of Appeals held that the warning on the box of shells that they should not be used in a certain type shotgun adequate to inform users of the shells of the danger that bodily harm might be a result of improper use. The fact that the label did not specifically warn of possible bodily harm was of no importance. ". . . [W]here the consequences of improper usage are such that they will be readily cognizable there is no duty to warn of the particular consequences that may flow therefrom." 131 So.2d at 334. In that case the plaintiff had not read the warning on the label, and there was no evidence he had independent knowledge of the danger involved.

In Thibodaux v. McWane Cast Iron Pipe Co., 381 F.2d 491 (5th Cir. 1967), a natural gas pipeline owned by the city exploded under plaintiff's house. Plaintiff sued the manufacturer of the pipe asserting as negligence their failure to warn the city of the corrosive effect the soil in South Louisiana would have on the pipe. The Fifth Circuit held the manufacturer had no duty to give such warning because the city engineers and other officials knew as well as the manufacturer the nature of the pipe. "It is clear that under Louisiana law the duty to warn does not exist where the other party is already aware of the danger." 381 F.2d at 495, citing authorities.

A copy of a sample label from a can of "Benwood" has been submitted into the record. That label contains direction for use and a warning "CAUTION! COMBUSTIBLE!" The directions called for covering a small area of floor at a time with the product, then wiping up any excess with burlap or other coarse cloth.

■ Although we feel that the warning was sufficient to put plaintiff under notice that the product was combustible and dangerous if directions were not complied with, for purposes of this motion we need not consider this argument.

The plain fact is that plaintiff was fully aware of the danger;[1] was fully familiar with the proper method of application;[2] had actually utilized and followed the proper method of application;[3] when told by "two inspectors and a lieutenant" to apply the wood filler over the entire floor and wipe up the excess with an electric buffer, he protested that this method would be dangerous because of the buildup of fumes;[4] had finally departed from the proper and recommended procedures with full knowledge of the potential danger involved.[5] Further, although plaintiff himself had never had a similar experience he was aware of other incidences when a fire had occurred from this type of procedure.[6]

Under these facts and the law discussed above, we find the manufacturer was under no duty to warn the plaintiff of the danger involved, since plaintiff was already aware of that danger. The facts in this case are even stronger in favor of defendant than in the cited cases because here plaintiff clearly knew of the danger involved.

Plaintiff has cited several cases for the proposition that when an employee is ordered by his employer to perform work in a manner which the employee knows is dangerous the employer cannot assert as contributory negligence the employee's continuing to work under known unsafe conditions. These cases are not applicable to the case sub judice because they deal with the employer's liability, not that of a third party manufacturer who had nothing to do with ordering the employee to perform the work in a dangerous manner.

Based on the foregoing we find that there are no genuine issues of material fact in dispute and defendant is entitled to judgment as a matter of law. Therefore, defendant's motion for summary judgment is granted and plaintiff's claims against defendant Benjamin Moore & Company, Inc. are dismissed.

---

1.  Plaintiff's deposition of December 19, 1972, pp. 57, 67.

2.  Plaintiff's deposition, pp. 53–54.

3.  Plaintiff's deposition, pp. 53–54.

4.  Plaintiff's deposition, pp. 54–55, 73–74.

5.  Plaintiff's deposition, p. 57.

6.  Plaintiff's deposition, pp. 39, 57.